UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
MARTIN PEREZ and JENICE PEREZ,

               Plaintiffs,

   -against-

DIVERSIFIED TRANSPORTATION CONCEPTS, INC., and RYAN ARNOLD LOTZ,

               Defendants.
-------------------------------------------------------X

CIVIL ACTION NO.: 08-cv-3739 (DAB)

**VERIFIED ANSWER**

    The answering defendants, DIVERSIFIED TRANSPORTATION CONCEPTS, INC. and RYAN ARNOLD LOTZ, by their attorneys, LAW OFFICES OF LORNE M. REITER, LLC, as and for their Verified Answer to the plaintiffs' Verified Complaint, allege upon information and belief as follows:

### AS AND FOR THE FIRST CAUSE OF ACTION

    1.    The answering defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs designated "1" and "4" of the Verified Complaint.

    2.    The answering defendants deny each and every allegation contained in paragraphs designated "8", "9", "10", "11", "12", "13", "14" and "15" of the Verified Complaint.

### AS AND FOR THE SECOND CAUSE OF ACTION

    3.    The answering defendants repeat, reiterate and reallege each and every allegation contained in the paragraphs of the Verified Complaint marked and designated as "1" through "15" with the same force and effect as though the same were set forth herein at length.

    4.    The answering defendants deny each and every allegation contained in paragraphs designated "17" and "18" of the Verified Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

    5.    Upon information and belief, any past or future expenses incurred or to be incurred by the plaintiffs for medical, dental or custodial care, rehabilitative services, loss of income or other economic loss, have been or will, with reasonable certainty, be replaced or indemnified, in whole

or in part, by a collateral source as defined in Section 4545 of the New York Civil Practice Law and Rules.

6. If any damages are recoverable against said defendants, the amount of such damages shall be diminished by the amount of the funds that the plaintiffs have or shall receive from such collateral sources.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

7. That the plaintiffs failed to make use of available safety equipment at the time of the alleged accident and the defendants are entitled to diminution of any recovery by the plaintiffs in proportion to the injury or damage caused as a result of such failure.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

8. That the plaintiffs assumed certain risks inherent and/or known to them at the time of the accident and recovery should be diminished in the proportion that this conduct bears to the entire loss.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

9. Plaintiffs failed to mitigate their damages.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

10. The Verified Complaint fails to state a cause of action for which relief may be granted.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

11. Pursuant to CPLR 1603, the answering defendants assert that the limitations contained in CPLR 1601 and 1602 and all rights contained therein apply, and defendants' liability therefore, if any, shall be limited to the equitable share of the total liability.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

12. That the damages and/or injuries sustained by the plaintiffs are not serious as defined in Section 5104 of the Insurance Law of the State of New York. As such, the plaintiffs' causes of action are barred and should be dismissed.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

13. Plaintiffs' claims are barred by the equitable doctrines of laches and estoppel.

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

14. The plaintiffs' claims are barred, or at the very least, plaintiffs' damages must be reduced by virtue of the doctrine of avoidable consequences.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

15. Damages, if any, sustained by the plaintiffs were the result of actions of third parties over whom these answering defendants exercised no control.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

16. The court lacks personal jurisdiction over the defendants due to lack of service in accordance with the Civil Practice Laws and Rules of the State of New York.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

17. That the damages and/or injuries that the plaintiffs allege to have sustained were caused in whole or in part by the culpable conduct of the plaintiffs, without any negligence on the part of the answering defendants, and the answering defendants demand dismissal of or reduction in any recovery that may be had by the plaintiffs in the proportion which the culpable conduct, attributable to the plaintiffs, bears to the entire measure of responsibility for the occurrence.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

18. Damages, if any, were the result of the sole negligence of the plaintiff.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

19. The damages sustained by the plaintiffs, if any, were due to an act of God.

**WHEREFORE**, the answering defendants DIVERSIFIED TRANSPORTATION CONCEPTS, INC. and RYAN ARNOLD LOTZ demand judgment dismissing the plaintiffs' Verified Complaint together with the costs, attorneys' fees and disbursements incurred herein.

## JURY DEMAND

Defendants hereby demand a trial by jury of all justiciable issues herein.

Dated: New York, New York
       April 17, 2008

> LAW OFFICES OF LORNE M. REITER, LLC
> Attorneys for Defendants
> DIVERSIFIED TRANSPORTATION CONCEPTS, INC.,
> and RYAN ARNOLD LOTZ

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

14 Wall Street, 20th Floor
New York, New York 10005
(212) 222-0955
Our File Number: 001-0099-MPY

BY: _____
LORNE M. REITER (LR6464)

TO:  Kerner & Kerner
     74 Trinity Place
     New York, New York 10006

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

STATE OF NEW YORK    }
                    } ss:
COUNTY OF NEW YORK   }

LORNE M. REITER, ESQ., being duly sworn, affirms and says that:

He is an attorney duly admitted to practice law in the State of New York and is a member of the firm the LAW OFFICES OF LORNE M. REITER, LLC in the within action; that he has read the foregoing Verified Answer and knows the contents thereof, that the same is true to the best of his knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters he believes them to be true.

The reason this verification is not made by the defendants is that the defendants reside and are located outside the county where the undersigned maintains his office.

The source of affirmant's information and the grounds for his belief, as to those matters stated upon information and belief, are statements furnished to deponent by defendants, personal investigation of this matter and from records maintained in affirmant's office file.

I affirm the foregoing statements to be true under the penalties of perjury.

Dated: New York, New York
       April 17, 2008

_____
LORNE M. REITER, ESQ.

## ATTORNEY'S CERTIFICATION OF SERVICE

LORNE M. REITER, ESQ., an attorney duly admitted to practice before this Honorable Court affirms the truth of the following statements under penalty of perjury:

1. I am not a party to this action; I am over 18 years of age and I reside in Rumson, New Jersey.

2. On April 17, 2008, I served the within **VERIFIED ANSWER** by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service, addressed to each of the following persons at the last known address set forth after each name:

TO: Kerner & Kerner
Attorneys for Plaintiffs
Office and Post Office Address
74 Trinity Place, Suite 1402
New York, New York 10006

Dated: New York, New York
April 17, 2008

LORNE M. REITER, ESQ. (LR6464)

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com